**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALONDRA JACQUELINE ORTIZ GARCIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,<br>Respondents. | Case No. 5:26-cv-05458-ACCV<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## I. RULING

On September 14, 2026, Petitioner Alondra Jacqueline Oritz Garcia ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), challenging her detention as a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution and the Administrative Procedure Act ("APA"). (Dkt. 1 at 6.) For the reasons stated below, the Court DENIES the Petition.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico and entered the United States on December 27, 2003, at the San Ysidro Port of Entry in San Diego, California. (Dkt. 10 at 7.)

Petitioner claims to have lived in the United States for twenty-five years. (Dkt. 1 at 6.) On November 22, 2014, Petitioner submitted DHS Form I-821D Consideration of Deferred Action for Childhood Arrivals ("DACA") and DHS Form I-765 Application for Employment Authorization; both were approved the same day. (Dkt. 10 at 7.) Petitioner re-submitted both forms several times until December 10, 2019; the forms were approved each time. (*Id.*)

Petitioner has an extensive criminal history; she has over 10 convictions between May 14, 2020, and April 19, 2024, in addition to many arrests. (Dkt. 10 at 8–9.)

On August 28, 2026, Petitioner was arrested near her home as part of a targeted operation and remanded to Immigration and Customs Enforcement ("ICE") custody. (Dkt. 10 at 6.) Petitioner is currently being held at the Adelanto ICE Processing Center. (Dkt. 1 at 1.)

On September 14, 2026, Petitioner filed the Petition and alleges the following in support of her argument that her continued detention is unlawful: (1) Petitioner's re-detention violates the procedural due process requirements of the Fifth Amendment of the Constitution; (2) Petitioner's re-detention violates the substantive due process requirements of the Fifth Amendment of the Constitution; (3) ICE had no valid reason to revoke Petitioner's parole and re-detain Petitioner as Petitioner's detention is not in the public interest and ICE acted arbitrarily and capriciously in re-detaining Petitioner in violation of the APA. (Dkt. 1 at 6.) Petitioner requests as relief Petitioner's immediate release and that the Court order Respondents not to re-detain Petitioner without seven days' notice and a pre-deprivation hearing before an Immigration Judge. (*Id.* at 7.)

On September 25, 2026, Respondents filed Federal Respondents' Response to Petition and argue Petitioner is properly detained pending a bond hearing as this is Petitioner's first Detention. (Dkt. 10 at 2.) Respondents concede Petitioner is entitled to a bond hearing, but assert Petitioner has not exhausted Petitioner's administrative remedies by requesting a bond hearing before the Immigration Court. (*Id.*)

Petitioner's reply was due on October 9, 2026; Petitioner did not file a reply.

On October 23, 2026, an immigration judge ordered the Petitioner be removed from the United States to Mexico. (Dkt. 11-2 at 4.)[1]

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

In this habeas action, Petitioner claims that her detention is unlawful because it violates the Due Process Clause of the Fifth Amendment and the APA. (Dkt. 1 at 6.) For the reasons below, the Court disagrees.

### A. Petitioner's Procedural Due Process Claim

Petitioner argues her ongoing detention violates her procedural due process rights under the Fifth Amendment. (Dkt. 1 at 6.) Respondents assert that Petitioner is lawfully detained pending her next immigration proceeding and is at most entitled to a bond hearing. (Dkt. 10 at 2.)

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The right to due process extends to noncitizens in the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United

---

[1] As Petitioner received a bond hearing, Respondents' argument that Petitioner is eligible for a bond hearing is now moot.

States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238, 16 S. Ct. 977, 41 L. Ed. 140 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guarant[e]ed by [the Fifth Amendment], and that even aliens shall not . . . be deprived of life, liberty, or property without due process of law[.]"); *Trump v. J. G. G.*, 604 U.S. 670, 673, 145 S. Ct. 1003, 221 L. Ed. 2d 529 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation modified).

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

It is well-established that freedom from government detention is a protected liberty interest. *See Zadvydas*, 533 U.S. at 690. Though the liberty interests of U.S. citizens compared to noncitizens "are not coextensive," the Fifth Amendment nonetheless "entitles [noncitizens] to due process of law in deportation proceedings." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205–06 (9th Cir. 2022) (quoting *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021)). Many courts in this Circuit have affirmed the principle that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he or] she has a protected liberty interest in remaining out of custody." *See e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases); *Meneses v. Santacruz*, 811 F. Supp. 3d 1158, 1162 (C.D. Cal. 2025).

Petitioner has not carried her burden to demonstrate that she has a protected liberty interest. Petitioner came to the United States as a child and has lived here for over 25 years. For many years, 2013-2022, Petitioner had DACA status and work authorization. But, Petitioner's DACA status terminated on January 1, 2022. Petitioner did not file any immigration applications while she had DACA status, or after her

DACA status terminated. From January 1, 2022, to the present, Petitioner has been in this county without any status. Because Petitioner had no status or pending applications, Respondents cannot be said to have deliberately acquiesced to her presence. Thus, Petitioner failed to carry her burden of demonstrating that she has a protected liberty interest and accordingly, Petitioner failed to carry her burden on demonstrating that her ongoing detention violates her procedural due process rights under the Fifth Amendment.

**B. Petitioner's Substantive Due Process Claim**

Petitioner further argues that her detention violates her substantive due process rights because she is not a flight risk or a danger to the community. (Dkt. 1 at 6.) Petitioner's argument is unpersuasive.

At a "bare minimum," noncitizens subject to civil immigration detention—just like people detained civilly and individuals accused but not convicted of a crime—"cannot be subjected to conditions that 'amount to punishment.' " *See Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)); *see also Wong Wing v. United States*, 163 U.S. 228, 235 (1896) (concluding that "detention or temporary confinement" is "valid" to carry out "the provisions for the exclusion or expulsion of [noncitizens]," but that detention involving "imprisonment at hard labor" is unconstitutional without a criminal trial).

Civil detention may be deemed punitive "where it is excessive in relation to its non-punitive purpose, or is employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." *Jones*, 393 F.3d at 934. This may be so where civil detention is excessively prolonged, even if not indefinite. *United States v. Torres*, 995 F.3d 695, 708-10 (9th Cir. 2021) (concluding that a pretrial criminal detainee's 21-month detention was "approaching the limits of what due process can tolerate" and that "at some point, regardless of the risks associated with Torres's release, due process will require that he be released if not tried"). Civil detention can also violate due process when detainees are subject to conditions so harsh as to give

rise to an inference that the detention is punitive. *See Jones*, 393 F.3d at 932. *See also Doe v. Becerra*, 723 F. Supp. 3d 688, 691 (N.D. Cal. 2024) (considering the above factors from *Torres* and *Jones* in evaluating substantive due process claim raised by an individual in immigration detention).

Here, Petitioner has been detained for a little over two months. (Dkt. 10 at 6.) While any period of custody is difficult, such a period is not unusually prolonged for civil detention purposes. *Cf. Torres*, 995 F.3d at 709-10 (21 months of pretrial detention for person charged with criminal offense was "approaching the limits of what due process can tolerate"); *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1083 (N.D. Cal. 2024) (finding 30 months of immigration detention to weigh in favor of finding a substantive due process violation). Nor has Petitioner pointed to conditions worse than those in criminal custody, such as would give rise to an inference that the detention is punitive. *Doe*, 732 F. Supp. 3d at 1089 ("Determining whether the conditions at [an immigration detention facility] are worse 'as a whole' than at the state facilities where Mr. Doe was imprisoned is a difficult comparison that would require comprehensive evidence.").

Given these facts, Petitioner has not carried her burden as to this claim.

**C. Petitioner's Administrative Procedure Act Claims**

Petitioner alleges that her detention violates the APA, 5 U.S.C. § 706(2), because ICE acted arbitrarily and capriciously when ICE detained her. (Dkt. 1 at 6.) APA review is limited to agency actions "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. "Congress intended by that provision simply to avoid duplicating previously established special statutory procedures for review of agency actions." *Darby v. Cisneros*, 509 U.S. 137, 146 (1993). The APA does not apply to Petitioner's challenge to her detention, which she properly brings under 28 U.S.C. § 2241. Consequently, the Court finds Petitioner has not carried her burden as to this claim.

///

## V. CONCLUSION

For the reasons stated, the COURT DENIES the Petition.

DATED: November 2, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge